31,558-24

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

Eugene James Ellis, #753358
William P. Clements Unit
9601 Spur 591
Amarillo, Texas 79107-9606

IN THE CONSTITUTIONAL COUNTY COURT
FOR THE HOUSTON DIVISION
DISTRICT OF HARRIS COUNTY

MOTION DENIED
DATE: 9-9-15
BY: PC

Eugene James Ellis
   Petitioner

Case No. 653931
Case No. 94 20 695

VS.

Harris County
337 District Court
District Attorney Charles Rosenthal
Judge James Barr
County Clerk Charles Bacarisse

Ex Parte Eugene James Ellis
PETITION FOR A WRIT OF ERROR
QUO WARRANTO

## I    STATEMENT OF THE CASE

Petitioner Eugene James Ellis, pro se, #753358, was tried in the 337 Judicial District Court of Harris County on MAY 1996 for a charge of sexual assault which resulted in a hung jury. Petitioner was subsequently improperly reindicted in that the new indictment now read "aggravated"—an improper enhancement. In the retrial, petitioner was found guilty on MAY 1996 and sentenced to life in the Texas Department of Criminal Justice - Institutional Division.

## II  HISTORY OF THE CASE

Petitioner was charged with a crime that allegedly occurred on or about the 8th day of Jan., 1993 in the city of Houston, in Harris County. Petitioner was indicted on or about the 18th of Jan., 1993 and has been in prison since on this charge. He now resides at the Clements Unit at Amarillo, Texas. At the time of the trial, the Prosecutor was Charles Rosenthal, the trial judge was James Barr and the county clerk Charles Bacarisse. This petition is directed to whoever is in the official capacity now.

## III  QUO WARRANTO

This is the proper procedure to challenge the jurisdiction of a prosecutor, a judge or a clerk. They cannot be attacked collaterally, but must be attacked in a "Quo Warranto" procedure. See _Bailbonds vs. State of Texas_, 08-96-00342-CV (6-20-97); 948 S.W. 2d 574; 994 S.W. 2d 316.

## IV  ARGUMENT

The United States Constitution requires that all elected or appointed officials of the public trust, before taking the oath of office shall swear or affirm that they have not payed or presumed any monies or things of value, promised employment or appointment as public officials in order to secure votes. The anti-bribery oath must be filed with the Secretary of State before swearing in or affirming to the oath of office.

The official swears to faithfully execute his or her duties, to preserve, protect and defend the Constitutions of the United States and the State in which they operate. See Tex. Const. Art. XVI §1 - The officials must file documents related to other federal & State oaths

as whatever the form in which the Government functions. Anyone entering into an agreement with that Government takes the risk of having accurately ascertained that he who purports to act for the Government, stay within the boundries of his or her authority. The scope of the authority must be explicity defined by congress or be limited by delegated legislation properly exercised through the rule making power. See Crop Ins. vs. Merrill, 332 U.S. 380 (1947). Thus having failed to fulfill the constitutions prerequisits of holding office, the actions of the official are void. _Prieto_ supra, pg. 2 of 5; _Lone Star Industries Inc. vs Ater_, 845 s.w.2d 334, 337 (Tx. App. El Paso 1992) - original proceeding failure to take the oath of office renders any judicial act void.

The enacting of a statute, it is presumed that: 1.) compliance with the constitution of the State and the United States is intended; 2.) the only means of challenging judges authority is through a Quo Warranto action, in which the state is the indespensible party. _Lewis vs. Drake_, 641 s.w.2d 392, 395 (Tx. App. Dallas 1982); original proceeding "_Prieto_ supra N.4, pg. 3 of 5"; 3.) Elected judges must take a new oath with each new term. "_Prieto_ supra N.4. pg. 5 of 5"; see 28 U.S.C. § 453. Judges must take oath of office in this case if either the prosecutor, judge or court clerk cannot provide the original and every subsequent oath of office for each new term. The oath of office is required by the Constitution and the case must be dismissed if they cannot produce the required documents to act as representatives of the Government. As required by law, the court must issue an order dismissing the judgment with prejudice.

## V  CONCLUSION

Quo Warranto is the proper procedure for attacking a judgment when the prosecutor, judge and court clerk in the stated case do not have their credentials as required by the Constitution and statutes to operate in their official function for the Government. If any of them do not have the required credentials, then all actions in this case must be declared void. AB INITIO.

Quo Warranto is a prerogative writ which means one does not have to prove anything, only make the accusation. The burden of proof now shifts to the opposing party.

## VI  PRAYER FOR RELIEF

For reasons stated herein, supported by law, petitioner hereby moves the court to declare the actions of the prosecutor, judge and court clerk in violation of the laws and statutes of the United States and issue a writ of Quo Warranto declaring their actions void and declare the conviction of the petitioner null and void. AB INITIO

## CERTIFICATE OF SERVICE

I, Eugene James Ellis, #753358, do hereby certify that a true and correct copy of the above petition was sent to Harris County District Clerk and to the Court of Criminal Appeals. The foregoing petition was served by placing the same in the United States mail, postage prepaid on this the 12th day of August, 2015.

Eugene J Ellis
Eugene James Ellis, Petitioner

## INMATE'S DECLARATION

I, Eugene James Ellis, #753358, am the petitioner and am presently incarcerated in the William P. Clements Unit, declare under penalty of perjury that, according to my belief, the facts stated in the above petition are true and correct.

Executed and signed on August 12, 2015

Eugene J Ellis
Eugene James Ellis, Petitioner